17382

The CITY OF AIKEN, Respondent, v. The STATE OF SOUTH CAROLINA et al., Appellants

(101 S. E. (2d) 841)

*Messrs. T. C. Callison, Attorney General,* and *Cooper & Gary,* and *William A. Dallis,* of Columbia, *for Appellants,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondent,*

February 3, 1958.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Aiken County, under the provisions of the "Uniform Declaratory Judgments Act," Sections 10-2001 through 10-2014, Code of Laws of South Carolina, 1952, by the City of Aiken seeking a judgment declaring its rights and liabilities under a contract entered into between the City of Aiken and Tatum W. Gressette, as Director of the South Carolina Retirement System and State Agent for Social Security coverage in South Carolina.

The Honorable E. H. Henderson, Resident Judge of the Second Judicial Circuit, heard the matter without a jury and by appropriate Order found that the Respondent City was not obligated as contended by Appellants; and they now come to this Court upon exceptions which present the sole question of whether or not an agreement entered into between the City of Aiken and the South Carolina Retirement System, bearing date of April 26, 1954, was thereafter lawfully modified so as to include members of its Police Department within its coverage.

The amendment to the Federal Social Security Act, approved August 28, 1950 (64 Stat. 558) made provision for the inclusion of employees of States and Municipalities, Title 42 U. S. C. A. Section 418(d). Subsection 5, thereof, provides:

"(A) Nothing in paragraph (3) of this subsection shall authorize the extension of the insurance system established by this title to service in any policeman's or fireman's position."

The General Assembly of South Carolina by Act No. 602, Acts and Joint Resolutions of 1954 (48 Stat. at Large, p. 1497) adopted the necessary legislation to enable State, County and Municipal employees of South Carolina to come within the terms of the said Act. Thereafter, an agreement was entered into between the State of South Carolina and the Federal Government to implement and place into effect said Social Security coverage. On April 26, 1954, the City Council of Aiken adopted a resolution which had been prepared and presented to it by the Director of the South Carolina Retirement System authorizing the entering into of an agreement by the City of Aiken through its Mayor with Tatum W. Gressette, Director of the South Carolina Retirement System, as agent for the State of South Carolina, whereby its officials and employees might qualify and participate in Federal Social Security. Pursuant to this resolution and bearing the same date, the then Mayor of the City of Aiken affixed his signature to a proposed agreement which would enable certain employees of the City of Aiken to have Social Security coverage and at the same time signed an attached appendix which, among other things, provided: "1. Effective date: July 1, 1954; 2. Services excluded: Police Department"; and forwarded same to Mr. Gressette who affixed his signature as State Director of the Social Security System.

Paragraph 10 of this agreement is pertinent to the question now before us and appears as follows:

"10. It is agreed that this plan will be modified at the request of the political subdivision to include any coverage group or additional services not now within the plan, such modification to be consistent with the provisions of Section 218 of the Social Security Act and the Federal-State Agreement entered into pursuant to law."

Act No. 366 of the General Assembly of South Carolina, approved April 8, 1955, provided appropriate procedure whereby benefits of Social Security coverage by other Retirement Systems may be had. The following year, 1956, Congress amended the Social Security Act in respect to "Policemen and firemen in certain States" including South Carolina, and provided a means of bringing such employees within the terms of the Act (42 U. S. C. A. Section 418 (p).) Thereafter, on December 4, 1956, the Mayor of Aiken, South Carolina, Mr. Jones, the same one who had previously signed the original contract and attached appendix, signed a second appendix, which provided in part as follows:

"1. Additional Services included under this appendix: Municipal Policemen.

- "2. Effective date: January 1, 1956."

In the month of March, 1957, Mr. Gressette, the Director of the South Carolina Retirement System, made demand upon the City of Aiken for payment of such sums alleged to be due for Social Security coverage upon the members of the Police Department of that City, commencing January 1, and running through December 31, 1956. On March 11, 1957, the Council of the City of Aiken by appropriate resolution declined to pay the sum demanded, approximately $2,-600.00, upon the ground that the resolution adopted by Council had specifically authorized the Mayor to enter into an agreement on behalf of the City for Social Security coverage for certain employees of the City and that members of the Police Department were expressly excluded; that no resolution had been passed subsequent thereto authorizing the

entering into of a second contract or appendix to extend such coverage to policemen; therefore, his act in signing the second appendix, dated December 4, 1956, was without authority and not binding upon the City.

It is apparent that at the time the agreement was entered into by the City of Aiken and Mr. Gressette, Director of the South Carolina Retirement System, Municipal Policemen and Firemen were ineligible for Social Security coverage and only became so in 1956 when the Act was amended, as follows:

"(p) Any agreement with the State of Florida, North Carolina, Oregon, South Carolina, or South Dakota entered into pursuant to this section prior to August 1, 1956 may, notwithstanding the provisions of subsection (d) (5) (A) of this section and the references thereto in subsection (d) (1) and (d) (3) of this section, be modified pursuant to subsection (c) (4) of this section to apply to service performed by employees of such State or any political subdivision thereof in any policeman's or fireman's position covered by a retirement system in effect on or after August 1, 1956, but only upon compliance with the requirements of subsection (d) (3) of this section. * * *"

No other ordinance or resolution with respect thereto subsequent to the amendment making policemen and firemen eligible for coverage was adopted, and there was no request by the political subdivision (the City) to include any additional services or coverage of groups not included within the plan at the time of its adoption as set forth in Paragraph 10 of the agreement heretofore referred to.

Appellants contend that the coverage was extended by operation of law and no further request or action on the part of the City Council was necessary; that once the contract had been entered into, the words "as such Act has been and may be from time to time amended", which appear as Subsection E of Paragraph 2 of the agreement, is binding upon the Respondent as to all subsequent

amendments and is sufficient to include such groups as were excluded at the time of the signing of the agreement. With this we cannot agree. We are of the opinion that such phraseology has applicability to such groups or classes as are encompassed within the provisions of the Act at the time of the signing and cannot reasonably be construed as embracing other groups who might be made eligible for coverage by reason of the Act being thereafter amended by Congress.

Appellants also contend that in view of the fact that on November 29, 1956, a referendum was held, in which the members of the police insurance and annuity fund of the City voted to be included in the agreement between the State of South Carolina and the Secretary of Health, Education and Welfare of the United States, effective January 1, 1956, the coverage of the policemen is in effect by operation of law. The holding of the referendum was not authorized by any action on the part of the Council, but only by a letter of the Mayor, Mr. Jones, dated August 20, 1956, who at that time had no power to exercise that function, or to bind the City thereabout, in the absence of a new ordinance or resolution of the Council.

We are, therefore, of the opinion that the Order appealed from should be affirmed, and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.